UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| BRANDS INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>REACH COMPANIES, LLC,<br><br>Defendant. | Civil No. 21-1026 (JRT/DLM)<br><br>**MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS AND TO AMEND THE JUDGMENT** |

---

Felicia J. Boyd and Jaime Wing, **NORTON ROSE FULBRIGHT US LLP**, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402, for Plaintiff.

Steven C. Moore and David A. Brandis, **SMITH JADIN JOHNSON, PLLC**, 7900 Xerxes Avenue South, Suite 2020, Bloomington, MN 55431, for Defendant.

Brands International Corporation ("Brands") is a hand sanitizer manufacturer that brought this action against distributor Reach Companies, LLC ("Reach") after Reach failed to pay Brands for hand sanitizer that Brands delivered to Reach's customer during the beginning of the COVID-19 pandemic. The Court granted summary judgment for Brands on the parties' competing breach of contract claims and entered Judgment in favor of Brands for $89,072.64. The Court also found Brands is entitled to an award of attorney's fees and costs.

Brands accordingly filed this Motion for Attorney's Fees and Costs, asking the Court for $265,265.78 in attorney's fees and $3,601.28 in costs. Brands additionally asks the

Court to amend the Judgment to include Minnesota's statutory 6% pre- and post-judgment interest. Because the Court concludes that the requested fees were marginally excessive in light of this case's simplicity and because the Court finds that one hourly rate was above market rate, the Court will award Brands $185,000.05 in fees. The Court will also award $3,601.28 in costs and modify its Judgment to specify the amount of pre- and post-judgment interest.

## BACKGROUND

### I. FACTS

The Court recently detailed the facts of this case in its summary judgment order, so it need not do so again here. *See Brands Int'l Corp. v. Reach Co., LLC*, No. 21-1026, 2023 WL 2898592 (D. Minn. Apr. 11, 2023). Broadly, Brands is a Canadian company that manufactures beauty and hygiene products. (Decl. Felicia Boyd ("1st Boyd Decl."), Ex. 1 ("Rubinoff Dep."), at 15:10–11, 20:2–17, Sep. 22, 2022, Docket No. 68.) Reach is a Minnesota company that distributes various consumer goods. (1st Boyd Decl., Ex. 3 ("Tollefson Dep."), at 9:17–22, Sep. 22, 2022, Docket No. 68-2.) One of the product lines that Brands manufactures is hand sanitizer, which Reach ordered to satisfy the needs of one of its customers, Five Below, Inc. ("Five Below"). (Rubinoff Dep. at 20:12–13.; 1st Boyd Decl., Ex. 5 ("Aff. Cara Binder") ¶ 3, Sep. 22, 2022, Docket No. 65-5; 1st Boyd Decl., Ex. 8 ("Purchase Order"), Sep. 22, 2022, Docket No. 65-8.)

Brands made three deliveries to Five Below before halting its operations because Reach failed to pay for the deliveries. (*See* 1st Boyd Decl., Exs. 12–14 ("Individual Orders"),

Sept. 22, 2022, Docket Nos. 65-12, 65-13, 65-14.) Despite follow up requests for payment on April 2, 3, 22, and 30, 2020, Reach never paid Brands for the deliveries made to Five Below. (1st Boyd Decl., Exs. 30–33, Sep. 22, 2022, Docket Nos. 65–22, 65–23, 65–24, 65–25; Tollefson Dep. at 77:3–23, 78:12–20, 91:20–92:25.) The parties agreed that the price of the product Brands shipped to Five Below was $89,072.64. *Brands*, 2023 WL 2898592, at *3.

## II. PROCEDURAL HISTORY

Brands initiated this action against Reach for account stated, unpaid goods and services, breach of contract, and unjust enrichment. (Compl. ¶¶ 7–19, Apr. 21, 2021, Docket No. 2.) Reach asserted counterclaims for breach of contract, breach of installment contract, and tortious interference with a contract. (Def.'s Am. Answer and Countercls. at 9–11, Oct. 7, 2021, Docket No. 23.)

The parties then filed cross-motions for summary judgment. (Reach's Mot. Summ. J., Sept. 22, 2022, Docket No. 54; Brands' Mot. Summ. J., Sept. 22, 2022, Docket No. 60.) The Court held that the United Nations Convention on Contracts for the International Sale of Goods ("CISG") applied to the breach of contract claims because Brands is a Canadian corporation. *Brands*, 2023 WL 4898592, at *4. It concluded that the parties had agreed to pay cash on delivery, and that receipt of an invoice was not a condition precedent for remittance of payment, so Reach was under an obligation to pay for the hand sanitizer when Brands delivered it to Five Below. *Id.* at *6. Because Reach failed to make payments after receiving the product, it committed a fundamental breach of the contract, so the

Court entered summary judgment in favor of Brands. *Id.* at *7. The Court awarded Brands $89,072.64, plus pre- and post-judgment interest. *Id.* at *10. However, the Court did not specify the exact interest rates. *Id.*

Important to this present motion, the Court also indicated that it would award Brands attorney's fees. *Id.* at *8–9. The CISG authorizes damages for breach of contract "equal to the loss . . . suffered by the other party as a consequence of the breach." CISG art. 74. Though other circuits have concluded that the CISG does not authorize an award of attorney's fees, the Court found those cases unpersuasive because the majority of Contracting States to the CISG adhere to the "English rule" that the loser pays, and attorney's fees are a reasonably foreseeable loss suffered "as a consequence of the breach." *Brands*, 2023 WL 2898592, at *9. The Court directed Brands to file a motion pursuant to Federal Rule of Civil Procedure 54(d) to recover fees and costs, plus interest. *Id.*

Accordingly, Brands filed this Motion for Attorney's Fees and Costs, asking the Court to award it $265,265.78[1] in attorney's fees and $3,601.28 in costs. (*See generally* Mot. Fees and Costs, Apr. 25, 2023, Docket No. 97; Mem. Supp. Mot. Fees at 7, Apr. 25, 2023, Docket No. 99.) Brands also asks the Court to amend the Judgment to indicate the applicable pre-judgment interest pursuant to Minnesota's statutory 6% simple interest

---

[1] This amount consists of $240,000.50 incurred throughout the substantive litigation leading to summary judgment and $21,664.00 incurred preparing this motion. (Mem. Supp. Mot. Fees at 7, Apr. 25, 2023, Docket No. 99.)

rate and federal post-judgment interest to the entire award and any interest award. (Mem. Supp. Mot. Fees and Costs at 8.) Reach opposes Brands' Motion, asserting (1) that the requested fees are unreasonable in light of the Court's summary judgment award and other factors, and (2) Brands is not entitled to fees incurred prior to Brands' demand for fees during summary judgment. (Mem. Opp. Mot. Fees at 1, May 9, 2023, Docket No. 102.) Reach does not appear to contest Brands' request for pre- and post-judgment interest. (*See generally id.*)

**DISCUSSION**

**I.     STANDARD OF REVIEW**

The party seeking an award must provide evidence to support the reasonableness of the fees, both as to the hourly rate and the hours worked, and should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983); *see also Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003).[2]  A district court has substantial discretion

---

[2] Reach asserts that the Court should apply Minnesota law, rather than federal law, in determining a reasonable amount of attorney's fees in this action.  Reach relies on several cases for this proposition, including *Goodman Food Prods., Inc. v. Sunrise Foods Int'l, Inc.*, No. 2:21-06518, 2022 WL 2784396, at *7 (C.D. Cal. June 1, 2022), and *Hefei Ziking Steel Pipe Co., Ltd. v. Meever & Meever*, No. 4:20-00425, 2021 WL 4267162, at *8 (S.D. Tex. Sept. 20, 2021) (collecting cases).  However, these cases are distinguishable.  Those cases considered whether attorney's fees are available under the CISG and concluded that the CISG itself does not provide for such fees. *Goodman*, 2022 WL 2784396, at *7.  Thus, those courts then considered whether attorney's fees may still be available under state law. *Id.*  Here, the Court has considered the CISG and arrived at a different conclusion.  It found that the CISG may provide recovery for reasonable attorney's fees. *Brands*, 2023 WL 2898592, at *9.  Thus, it need not turn to state law to determine whether fees are recoverable.  The Court will therefore apply federal law in its determination of

when determining the reasonableness of attorney's fees. *Hensley*, 461 U.S. at 437; *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000).

"Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018). "The lodestar is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Id*. (internal quotation and citation omitted). The reasonable rate must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking an attorney's fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours expended. *See Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

## II.     ANALYSIS

Reach presents three arguments for why the Court should not grant Brands' request for attorney's fees and costs: (1) that the request is disproportionate to the award; (2) the fees are otherwise not reasonable; and (3) the Court should only consider

---

this issue. *See also Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 640–41 (1981) (noting that federal common law exists in narrow areas such as those concerned with interstate and international disputes).

fees incurred after Brands first requested fees at the summary judgment stage. The Court will take each argument in turn.

### A.    Proportionate Award

First, Reach argues that Brands' requested $265,265.78 award is disproportionate to the amount awarded at summary judgment: $89,072.64. *Brands*, 2023 WL 2898592, at *10. In determining the reasonableness of attorney's fees, the Supreme Court has instructed courts to consider factors such as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) **the amount involved** and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 429–30 n.3 (emphasis added).[3] The CISG provides awards for damages incurred as a result of contractual breaches that the breaching party "ought to have foreseen." CISG art. 74. Thus, the Court will also consider foreseeability in determining the reasonableness of fees.

---

[3] Though *Hensley* was decided in the context of 42 U.S.C. § 1988, its overarching guidance on how to determine the "reasonable[ness]" of fees is nevertheless informative in this context.

Though courts may consider the amount involved when awarding attorney's fees, there is no "dollar value proportionality rule" that the Court must employ.  *See ResCap Liquidating Trust v. Primary Residential Mortg., Inc.*, 59 F.4th 905, 922 (8th Cir. 2023) (quotation omitted).  Courts may award reasonable fee awards in excess of the damages recovered.  *Id.*  As other circuits have explained, "defendants who drive up the expense of litigation must pay the full costs, even if legal fees seem excessive in retrospect."  *Cuff v. Trans States Holdings, Inc.*, 768 F.3d 605, 611 (7th Cir. 2014).

Here, Reach argues that Brands' requested fees are unreasonable because they are far in excess of the award.  But proportionality is only one factor in the reasonableness analysis and is not alone reason to deny Brands' request for attorney's fees.  The Court must consider the award in the context of other reasonableness factors in determining whether the requested fees are reasonable.  The Court therefore declines to reduce Brands' requested fees on a proportionality basis alone.

**B.     Reasonableness of Fees**

Second, Reach generally asserts that Brands' requested fees are unreasonable because this matter did not require the amount of litigation and fees incurred by Brands.  Reach claims that this litigation revolves around two simple questions, so Brands' request of more than $265,000 in legal fees was excessive.  Reach also claims that Brands exaggerates the time and skill required for Brands' attorneys to perform the work, that the attorneys' hourly rates are unreasonable for the Twin Cities market, and that Brands need not have engaged more expensive Pennsylvania counsel.  As explained below, the

Court agrees that the requested fees are unreasonable in light of the simplicity of this litigation, and that one hourly rate was not in line with the local legal market.

### 1. Hours Expended

First, Reach asserts that Brands incurred more fees than are reasonable in this matter and the attorneys expended more hours than were necessary. The Court will refrain from going line by line through Brands' legal invoices. "A district court 'need not, and indeed should not,' scrutinize each billing entry of an attorney who is seeking a fees award, because the 'essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.'" *Ricketson v. Advantage Collection Pros., LLC*, No. 21-2541, 2022 WL 3701442, at *4 (D. Minn. Aug. 26, 2022) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). Instead, the Court will consider the incurred hours in broad strokes.

Reach suggests that Brands "exaggerates the time" required for this litigation. (Mem. Opp. Mot. Fees at 5.) However, Reach has not identified any specific areas in which Brands' attorneys expended an unreasonable number of hours. The Court declines to pick through each billing entry and hypothesize which aspects of this litigation were exaggerated. Thus, the Court will not reduce Brands' attorney's fees request on this ground.

### 2. Complexity of Case

Second, Reach asserts that the attorney's fees are unreasonable in light of the minimal complexity of this case. Courts examining attorney's fees awards consider the "novelty and difficulty of the questions." *Hensley*, 461 U.S. at 429–30 n.3. As Reach

describes it, this case "can be distilled down to two simple questions: what was the applicable law; and was Brands required to send invoices as a condition precedent to Reach sending payment." (Mem. Opp. Mot. Fees at 5.)

The Court agrees that this matter involves relatively simple issues. District of Minnesota precedent suggests that the CISG applies to the parties' claims. *Brands*, 2023 WL 2898592, at *4; *Travelers Prop. Cas. Co. of Am. v. Saint-Gobain Tech. Fabrics Can. Ltd.*, 474 F. Supp. 2d 1075, 1081–82 (D. Minn. 2007) (finding that the CISG governed an agreement between Canadian and American organizations). Thus, this litigation ultimately boiled down to a single issue: was Reach required to pay cash on delivery for the hand sanitizer, even if it had not yet received an invoice? *Brands*, 2023 WL 2898592, at *4–7. This question is not so complex as to warrant the requested fees. It involved simple application of basic contract law principles. *See generally id.* Moreover, the facts do not render this case more complicated, as demonstrated by the fact that Brands only produced eighty-four pages of discovery. (*See generally* Decl. David Brandis, Ex. A, May 9, 2023, Docket No. 103-1; *see also* Pl.'s Mem. Supp. Mot. Fees at 10, n.5.)

Though Brands was ultimately successful on its claims, which heavily weighs in favor of a fees award, the requested fees are unreasonable given the limited factual and legal complexity of this case. The Court will accordingly reduce its total fees award by 30% to account for the relatively simple nature of the issues involved.

### 3. Hourly Rates

Third, Reach challenges the attorneys' hourly rates. In determining whether an attorney's hourly rate is reasonable, the Eighth Circuit dictates consideration of market rates to ensure that requested rates are in line with those prevailing in the community for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armontrout*, 860 F.2d 1456, 1458–59 (8th Cir. 1988) (citing *Blum*, 465 U.S. at 895–96 n.11). Courts give considerable attention to the attorney's individual characteristics. *Id.* at 1459.

Brands worked with three law firms in this matter: Halpern Cottrel & Green PA ("Halpern"), Klehr Harrison Harvey Brazenburg LLP ("Klehr"), and Norton Rose Fulbright ("Norton Rose"). It appears Reach challenges only the Norton Rose hourly rates because Reach asserts that partner hourly rates between $740 and $880 and associate rates like $500 are "very high and do not reflect reasonable rates within the Twin Cities community," and it is the Norton Rose attorneys who charge those rates. (Mem. Opp. Mot. Fees at 6.)[4] Norton Rose partner Felicia Boyd's hourly rate was $740 per hour until

---

[4] As for the unchallenged attorney hourly rates, Halpern attorney Mark Miller served as Brands' counsel of record until he retired on June 29, 2022, and he charged an hourly rate of $300 per hour. (Decl. Felicia J. Boyd ("Boyd Decl") ¶¶ 3, 4; Ex. 6 ("Halpern Hours"), at 3, Apr. 25, 2023, Docket No. 100-6.) Klehr is a firm based in Pennsylvania. (Boyd Decl., Ex. 7 ("Klehr Hours"), at 2, Apr. 25, 2023, Docket No. 100-6.) Up until January 2022, Klehr partner Morton Brazburg's hourly rate was $625 per hour, which increased to $645 in January 2022. (*Id.* at 2, 21.) Klehr associate Joseph Ferris's hourly rate was $350 per hour, which increased to $370 per hour in January 2022. (*Id.* at 17, 21.) The Court finds that these hourly rates are reasonable.

November 2022, at which point it increased to $880 per hour. (Decl. Felicia J. Boyd ("Boyd Decl."), Ex. 8 ("Norton Rose Hours"), at 3, 27, Apr. 25, 2023, Docket No. 100-8.) Norton Rose associate Jaime Wing's hourly rate was $360, which raised to $500 in November 2022. (*Id.* at 25.) Reach has provided no support for its assertion the rates are too high, nor has it proposed an alternative hourly rate.

The Court finds that the Norton Rose hourly rates that Reach challenges are largely reasonable. Though Mr. Wing is an associate attorney, he has practiced law for seven years. (Boyd Decl., Ex. 5, Apr. 25, 2023, Docket No. 100-5.) He has extensive experience representing large companies in complex civil litigation issues. (*Id.*) The Court concludes that the hourly rates charged by Mr. Wing are reasonable in consideration of his experience and "fall within the typical range for attorneys who litigate civil matters" in the Twin Cities market. *See Krekelberg v. City of Minneapolis*, No. 13-3562, 2023 WL 4828382, at *5 (D. Minn. July 27, 2023) (finding that requested rates from $400 to $675 per hour were reasonable).

Ms. Boyd's hourly rate is generally reasonable based on her experience. She has thirty-five years of legal experience, and has received extensive recognition for her work. (Boyd Decl., Ex. 4, at 2–3, Apr. 25, 2023, Docket No. 100-4.) She has worked extensively with "complex case management" and the "coordination of global discovery efforts," which are particularly relevant in this litigation involving American and Canadian organizations. (*Id.*) These facts suggest that Ms. Boyd may reasonably charge an above

average rate. However, the Court nevertheless concludes that her requested $880 per hour since November 2022 is slightly unreasonable. The District of Minnesota concluded in March 2021 that $600 per hour was a reasonable rate for a civil litigator with thirty-five years' experience. *See Minn. Voters All. v. City of Saint Paul*, No. 19-0358, 2021 WL 1100901, at *3 (D. Minn. Mar. 23, 2021). Taking inflation into account and adjusting for Ms. Boyd's accolades, the Court finds that her original hourly rate of $740 is appropriate here. The Court will therefore reduce her hourly rate after November 2022 from $880 to $740, which correlates to a $980 reduction in the total fees award.[5]

### 4. Pennsylvania Counsel

Fourth, Reach challenges Brands' decision to retain local counsel in Pennsylvania (Klehr), rather than exclusively working with its Minnesota counsel who charged lower rates. (Mem. Opp. Mot. Fees at 6.) Reach asserts that Klehr's rates should be removed or reduced to the hourly rates of the Minnesota counsel who could have handled the work in question. However, Brands explains that it engaged Klehr specifically "to provide local counsel services in connection with nonparty discovery taken in the Philadelphia area." (Boyd Decl. ¶ 6.) Indeed, Klehr's time entries reflect that its work was focused on discovery. (Boyd Decl., Ex. 7 ("Klehr Hours"), Apr. 25, 2023, Docket No. 100-7.) The Court

---

[5] This amount is based on the 5.3 hours billed by Ms. Boyd in April 2023 and the 1.7 hours billed by Ms. Boyd in February 2023, totaling 7 hours billed after her rates increased. (Norton Rose Hours at 27, 30.)

finds that it was typical and reasonable for Brands to engage Klehr for this purpose and will not reduce its fees for this reason.

### 5. Public Policy Considerations

Finally, Reach also asserts that Brands erroneously cites the risk of not collecting payment at all as a factor that weighs in favor of granting its request. (Mem. Opp. Mot. Fees at 7.) Reach believes that this argument is baseless because "this is not the type of case where that risk applies." (*Id.*) Rather, that risk relates to fees awarded pursuant to civil rights cases—not breach of contract cases. (*Id.*) But Brands never asserts the risk of not being paid as a reason to grant their fees request.[6] (Pl.'s Mem. Supp. Mot. Fees at 19.) The Court likewise does not consider this public policy argument here. *See Hensley*, 461 U.S. at 429–30 n.3 (listing factors to consider when evaluating the reasonableness of fees but, notably, not including the risk that fees would not be recovered as a factor for courts to take into account).

### C. Fees Incurred before Summary Judgment

Reach also asks the Court to only award fees starting after Brands requested reimbursement at summary judgment. (Mem. Opp. Mot. Fees at 7.) Reach provides no support for this request so the Court will deny it. As the Court explained in its summary judgment order, the CISG provides that "[d]amages for breach of contract by one party

---

[6] In fact, such argument would go against Brands because Brands seems to suggest that its attorneys' invoices have already been paid. (Pl.'s Mem. Supp. Mot. Fees at 18 ("[T]he best evidence of reasonable attorney's fee is the fact that a client paid it.").)

-14-

consist of a sum equal to **the loss**, including loss of profit, **suffered by the other party as a consequence of the breach**." *Brands*, 2023 WL 2898592, at *8 (quoting CISG art. 74) (emphasis in original). The Court explained that "it was entirely foreseeable that were Reach to not pay for the goods delivered to Five Below, then ignore Brands' efforts to recover payment, that litigation would ensue." *Id.* at *9. Moreover, though Reach argues that it would be inequitable to award fees from the start of this litigation because Brands did not request fees until the summary judgment stage, the Court disagrees. Brands' Complaint asks the Court to award costs and "such other and further relief as the Court deems just and equitable." (Compl. at 3.) The Court finds fees from the inception of litigation to be appropriate here given the facts and circumstances of this case.

### D. Other Matters

Lastly, Brands asks the Court to award it costs totaling $3,561.28 and to amend its Judgment to include pre- and post-judgment interest. Reach did not respond to either of these requests. Because the Court finds that the costs incurred are reasonable and necessary for this litigation, the Court will grant Brands' request for $3,561.28 in costs. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

Moreover, the Court finds that pre-judgment interest is appropriate here. The CISG provides that if a party fails to pay the price under a contract, "the other party is entitled to interest on it." CISG art. 78 (citing specifically claims for damages under Article

74.). However, the CISG does not provide a specific rate of interest, so the Court must consider what a "fair and reasonable" rate would be. *Cargill, Inc. v. Taylor Towing Serv., Inc.*, 642 F.2d 239, 242 n.6 (8th Cir. 1981). The District of Minnesota has previously applied Minnesota state pre-judgment interest rates to federal claims. *See, e.g., MVP Logistics, LLC v. FDG Express, LLC*, No. 22-0686, 2022 WL 7420182, at *3–4 (D. Minn. Oct. 13, 2022). "As a general rule, prejudgment interest is to be awarded when the amount of the underlying liability is reasonably capable of ascertainment" and "should ordinarily be granted unless exceptional or unusual circumstances exist making the award of interest inequitable." *Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir. 1986). Absent a statutory directive, prejudgment interest "rests in the discretion of the district court." *Cargill, Inc.*, 642 F.2d at 241. Prejudgment interest typically accrues from the date of the loss or the date on which a claim arose. *See West Virginia v. United States*, 479 U.S. 305, 310 n.2 (1987). Under Minnesota law, the "interest for any legal indebtedness shall be at the rate of $6 upon $100 for a year, unless a different rate is contracted for in writing." Minn. Stat. § 334.01.

Here, the amount of underlying liability is reasonably capable of being ascertained: $89,072.64. The date at which the claim arose is March 23, 2020; the day on which Brands provided Reach with revised invoices for that amount. *Brands*, 2023 WL 2898592, at *2. At Minnesota's 6% interest rate, Brands is entitled to $16,426.08 in pre-judgment interest. The Court finds that this interest amount is "fair and reasonable." *Cargill, Inc.*,

642 F.2d at 242. The Court will therefore award Brands pre-judgment interest in the amount of $16,426.08 and modify the Judgment accordingly.

Brands also asks the Court for post-judgment interest, which is awarded as a matter of course under federal law. *Travelers Prop. Cas. Inc. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh*, 735 F.3d 993, 1007–08 (8th Cir. 2013); *see also* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). Post-judgment interest is computed daily and compounded annually. 28 U.S.C. § 1961(b). Post-judgment interest is applied to both the award amount and the pre-judgment interest, in this case, the sum of $89,072.64 and $16,426.08. Reach does not dispute Brands' assertion that the post-judgment interest correlates to $13.09 per day until the Judgment is satisfied. Accordingly, the Court will amend its Judgment to indicate this post-judgment interest amount.

## CONCLUSION

The Court finds that Brands' requested attorney's fees are predominantly reasonable. However, it will reduce the fee award by $980 to account for an unreasonably high attorney hourly rate and reduce the total award by 30% to account for the relatively minimal legal and factual complexity of this litigation. Thus, the Court will award Brands a total of $185,000.05 in fees and $3,561.28 in costs. The Court will also amend its Judgment to specify the appropriate pre- and post-judgment interests.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs and to Amend the Judgment [Docket No. 97] is **GRANTED in part and DENIED in part** as follows:

1. Plaintiff is awarded $185,000.05 in attorney's fees and $3,561.28 in costs;

2. The Court's Judgment [Docket No. 97] is **AMENDED** as follows:

    a. Pre-Judgment interest shall be awarded to Plaintiff in the amount of $16,426.08; and

    b. Post-Judgment interest shall be awarded to Plaintiff at a rate of $13.09 per day until the Judgment is satisfied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 2, 2023  
at Minneapolis, Minnesota.

JOHN R. TUNHEIM  
United States District Judge